IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02691-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

BEN MILLER,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed April 7, 2014; docket #21]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #22.) The motion is fully briefed and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on October 3, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films.  In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. Docket #6.  The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. Docket #9.  In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order.  Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint (docket #1).  The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity.  Thereafter, Plaintiff filed an Amended Complaint on January 16, 2014, naming Mr. Miller as a Defendant.  Docket #12.  Defendant filed an Answer to Plaintiff's Amended Complaint on March 17, 2014, asserting fourteen (14) affirmative defenses. Docket #19.

Plaintiff filed the present motion on April 7, 2014 seeking to strike certain affirmative

defenses listed in the Answer. Docket #21. Defendant timely filed his response to the motion on May 1, 2014 (docket #26); however, although provided the opportunity to do so, Plaintiff did not file a reply brief in support of its motion. The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

**ANALYSIS**

Plaintiff's motion seeks to strike Defendant's second, third, fourth, fifth, seventh, and eighth affirmative defenses. Defendant does not oppose an order striking his second defense titled "laches," third defense titled "estoppel," fifth defense titled "waiver," and seventh defense titled "forfeiture or abandonment," and the Court finds these defenses cannot succeed under any circumstance in this case; thus, the Court will recommend striking the second, third, fifth, and seventh defenses. The Court's remaining analysis will focus on the fourth defense titled "unclean hands," and the eighth defense titled "copyright misuse." With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

**I.    Fourth Defense: Unclean Hands**

Defendant's fourth defense asserts: "Plaintiff's claims are barred by the doctrine of unclean hands, including by purposefully neglecting to request identifying information from the service provider related to the IP address at issue in this case for each alleged download of Plaintiff's works, and because Plaintiff's copyrights are invalid and/or unenforceable and/or violate 19 U.S.C. § 2257." (Docket #19 at 6.) However, Defendant argues in response to the present motion that Plaintiff's alleged violation of a criminal statute, Colo. Rev. Stat. § 18-5.5-102(1), by connecting to Defendant's IP address without authorization, supports the defense.

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917 (1980) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). Where asserted, unclean hands "must be pled with the

specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)). These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and [4] affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)). Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated to the claims before the court." *New Valley Corp.*, 181 F.3d at 525.

This Court has recently addressed a similarly stated affirmative defense by a defendant in a substantively similar case. *See Malibu Media, LLC v. Cuddy*, No. 13-cv-02385-WYD-MEH, at 9-11 (D. Colo. Apr. 24, 2014) (unpublished). To the extent the Defendant here argues that the enforceability of Plaintiff's copyright is invalid due to violations of Colo. Rev. Stat. § 18-5.5-102(1), the Court must conclude that the defense of "illegality" is not properly invoked in a copyright action. *See Mitchell Bros. Film Group*, 604 F.2d at 863 ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct."); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-91 (9th Cir. 2009) ("illegal use or operation of a work by the copyright owner [does not] preclude[] the award of actual or statutory damages for copyright infringement"); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) ("the prevailing view is that even illegality is not a bar to copyrightability").

The Court agrees with the analyses of the Fifth, Seventh, and Ninth Circuits in finding that

"illegality" is typically not a valid defense to a copyright claim and should be raised only in rare circumstances when a party can show he or she has been injured by the opposing party's illegal conduct.  Here, Defendant has not alleged and cannot show that he was injured by any violation by Plaintiff of a statute prohibiting access to a computer without authorization, when Defendant denies accessing any of the Plaintiff's copyrighted works.  *Compare* Amended Complaint, ¶¶ 16-20, docket #16 *with* Answer, ¶¶16-20, docket #19.  To the extent Defendant believes he was injured by Plaintiff's access to his IP address *before* the first alleged infringement, he has alleged no such injury.

Moreover, this Court is wary of a defense for which the Court is asked to, and necessarily must, adjudicate in a civil case whether the opposing party engaged in violation(s) of a criminal statute.  Defendant has provided no case law on this point.

Defendant's Answer and briefing fail to identify any inequitable conduct which is connected or related to the matters before the Court in this action.  Therefore, the Court recommends the District Court **grant** Plaintiff's motion to strike Defendant's fourth defense.

## II.     Eighth Defense: Copyright Misuse

In his eighth defense, Defendant asserts "Plaintiff's claims are barred by the doctrine of misuse of copyright."  Answer, docket #19 at 6.  The copyright misuse doctrine is an equitable defense to a copyright infringement action that forbids the use of a copyright to secure an exclusive right or limited monopoly not granted by the copyright office and is contrary to public policy to grant.  *Home Design Servs., Inc. v. B&B Custom Homes, LLC*, No. 06-cv-00249-WYD-GJR, 2008 WL 2302662, at *2 (D. Colo. May 30, 2008) (citing 185 ALR Fed 123 and *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 792 (5th Cir. 1999)).  Defendant must prove that Plaintiff "illegally

extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws." *Id.* (quoting *In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1175 (D. Kan. 2000)).

Here, Defendant contends that "Plaintiff uses the same procedures of monitoring unsuspecting members of the public, directly connecting with the individual's IP address, providing no 'cease and desist' notice, waiting until the evidence is destroyed, filing suit, and then offering to settle in exchange for dismissing the suit." Response, docket #26 at 8. Plaintiff counters that "all it has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse." Motion, docket #21 at 8.

The Court finds that Defendant's allegations are sufficient to support the affirmative defense. To the extent that the Plaintiff argues Defendant has failed to demonstrate, through his allegations, that the Plaintiff has "misused" the copyright law, the Court finds that such theory necessarily involves the issue of motive, which is generally reserved for the factfinder. *See In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. at 1175 (defendant must prove plaintiff "illegally extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws"). Likewise, to the extent that the Plaintiff argues a "misuse" defense cannot be asserted if the allegation is merely that Plaintiff has filed a suit for infringement, the Court finds that Defendant has sufficiently argued more than the single allegation.

Accordingly, the Court recommends the District Court **deny** Plaintiff's motion to strike the Defendant's eighth affirmative defense.

## **CONCLUSION**

As described above, the Court finds that Defendant's second, third, fourth, fifth, and seventh

defenses should be stricken, but concludes that Defendant's eighth affirmative defense is properly alleged. Accordingly, this Court respectfully RECOMMENDS that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed April 7, 2014; docket #21] be **granted in part and denied in part** as set forth herein.

Entered and dated at Denver, Colorado, this 20th day of May, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge