IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02691-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

BEN MILLER,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with "Plaintiff's Motion to Strike Defendant's Affirmative Defenses" filed on April 7, 2014.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge ["Recommendation"] was issued on May 20, 2014, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends therein that Plaintiff's Motion to Strike Defendant's Affirmative Defenses be granted in part and denied in part.  (Recommendation at 1, 8.)

More specifically, Magistrate Judge Hegarty notes that Plaintiff's motion seeks to strike Defendant's second, third, fourth, fifth, seventh and eighth affirmative defenses asserting in respective order laches, estoppel, unclean hands, waiver, forfeiture/ abandonment and copyright misuse.  (Recommendation at 4.)  He further notes that

Defendant does not oppose an order striking his second defense of laches, third defense of estoppel, fifth defense of waiver, and seventh defense of forfeiture or abandonment, and finds that these defenses cannot succeed under any circumstance in the case. (*Id.* at 4.)  Accordingly, Magistrate Judge Hegarty recommends striking the second, third, fifth, and seventh defenses. (*Id.*)

Magistrate Judge Hegarty then turns to the fourth affirmative defense of unclean hands.  He finds that Defendant's Answer and briefing fail to identify any inequitable conduct which is connected or related to the matters before the Court in this action, and recommends that Plaintiff's motion to strike be granted as to Defendant's fourth defense. (Recommendation at 6.)  As to the eighth defense titled "copyright misuse", it is recommended that Plaintiff's motion to strike be denied as to this defense because Defendant's allegations are sufficient to support the defense and it involves the issue of motive, which is generally reserved for the factfinder. (*Id.* at 7.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.)  Despite this advisement, no objections were filed to the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the

Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find the Recommendation is well reasoned and that its rationale for granting in part and denying in part Plaintiff's motion to strike is sound.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 20, 2014 (ECF No. 28) is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses filed April 7, 2014 (ECF No. 21) is **GRANTED IN PART AND DENIED IN PART**.  It is **GRANTED** as to the second, third, fourth, fifth and seventh affirmative defenses and these defenses are **STRICKEN**.  It is **DENIED** as to the eighth affirmative defense (copyright misuse).

Dated:  June 12, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).